UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS WILLIAM SINCLAIR RICHEY,

    Petitioner,

v.

STEVEN SINCLAIR,

    Respondent.

Case No. C09-5164RJB-KLS

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Noted for May 22, 2009

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner is an inmate at the Stafford Creek Corrections Center, located in Aberdeen, Washington. He has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. (Dkt. #1-#2). Because petitioner appears to have sufficient funds with which to pay the $5.00 Court filing fee, the undersigned recommends the Court deny the application.

## DISCUSSION

The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper

affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See* Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

By requesting the Court to proceed *in forma pauperis*, petitioner is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his petition for *habeas corpus*. The record contains a prison trust account statement showing that for the months of April 2008, through September 2008, petitioner had average monthly receipts totaling $116.46 and an average spendable balance of $53.28. (Dkt. #2). The record also contains a second prison trust account statement showing that for the months of June 2008, through November 2008, he had average monthly receipts totaling $150.96 and an average spendable balance of $116.10. Given the amount of funds petitioner appears to have in his account, and that a prisoner's basic needs are provided for while incarcerated, and in light of the minimal filing fee required to proceed with this action ($5.00), it is not unreasonable to expect petitioner to pay that fee from those funds.

## CONCLUSION

Because it is reasonable to expect petitioner to incur the costs to proceed with his petition, the undersigned recommends that the Court deny his application to proceed *in forma pauperis*. Accordingly, the undersigned also recommends that the Court order petitioner to pay the required filing fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **May 22, 2009**,

1 | as noted in the caption.
2 | Dated this 30th day of April 2009.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge