UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS WILLIAM SINCLAIR RICHEY,<br><br>    Petitioner,<br><br>    v.<br><br>STEVE SINCLAIR,<br><br>    Respondent. | Case No. C09-5164RJB-KLS<br><br>REPORT AND RECOMMENDATION TO TRANSFER SECOND OR SUCCESSIVE PETITION<br><br>Noted for July 10, 2009 |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local Rules MJR 3 and 4. Petitioner in this action is seeking federal *habeas corpus* relief pursuant to 28 U.S.C. § 2254. He is not proceeding *in forma pauperis* in this matter. After reviewing the petition and the remaining record, the undersigned submits the following report and recommendation for the Court's review.

## DISCUSSION

On December 17, 2008, petitioner filed his petition for writ of federal *habeas corpus* relief in the District Court for the Eastern District of Washington, challenging his state court conviction in 1987, for the crimes of felony murder and attempted felony murder, pursuant to a guilty plea. (Dkt. #1). On March 16, 2009, the District Court for the Eastern District of Washington transferred the petition to this Court. (Dkt.

#6). A review of the Court's record, however, reveals that petitioner previously filed a petition for writ of federal *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court on July 2, 1994, challenging both the validity of his guilty plea and the legality of his sentence. See Richey v. Wood, C94-5357FDB (Dkt. #4-#5).[1] That petition was denied by this Court on February 27, 1995, on the basis of being untimely (Id., Dkt. #21-22), and that decision was affirmed by the Ninth Circuit Court of Appeals on November 3, 2005 (see Richey v. Wood, 70 F.3d 120, 1995 WL 648405).

Pursuant to 28 U.S.C. § 2244(a), "[n]o . . . district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." Further, "[b]efore a second or successive application permitted by" 28 U.S.C. § 2244 "is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In addition, Ninth Circuit Rule 22-3(a) reads in relevant part as follows:

> Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. §§ 2244 or 2255. . . . If a second or successive petition or motion, or an application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

As such, because petitioner previously filed a petition in this Court challenging the same convictions he now is challenging, and because that petition was denied, his current petition is a "second or successive" petition. The Court thus is required to transfer it to the Ninth Circuit for consideration.

## CONCLUSION

For the foregoing reasons, the Court should transfer petitioner's current petition to the Ninth Circuit as a second or successive petition and administratively close this case.

---

[1] Petitioner states in his current petition for writ of federal *habeas corpus* relief that his 1994 *habeas corpus* petition only challenged the length of his sentence. While it is true that petitioner did challenge the constitutionality of the length of the sentence he received in the 1994 petition's second and fourth grounds for *habeas corpus* relief, he also presented several specific challenges to the legality of his guilty plea – which, as noted above, was the basis for his conviction – or of the conviction itself. See Ricjey v. Wood, C94-5357FDB (Dkt. #4, page (5) ("Ground one: CONVICTION OBTAINED BY PLEA OF GUILTY WHICH WAS UNLAWFULLY INDUCED AND NOT MADE WITH AN UNDERSTANDING OF NATURE OF CHARGE."; "Ground two: CONVICTED AND SENTENCED ON INACCURATE INFORMATION."); page (6) ("Ground three: DEFENDANT'S GUILTY PLEA WAS NOT 'KNOWING' AND 'VOLUNTARY.'"); page attached between pages (5) and (6) ("Ground five: INEFFECTIVE ASSISTANCE OF COUNSEL . . . DEFENDANT'S ATTORNEY . . . DID NOT HELP FORMULATE ANY DEFENSE DESPITE EXISTANCE [SIC] OF A STRONG DEFENSE AGAINST THE CHARGES.").

1    Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **July 10, 2009**, as noted in the caption.

DATED this 18th day of June, 2009.

Karen L. Strombom
United States Magistrate Judge